Grimke. J.
The question in this case, it will be perceived, is one of mere practice, and lies in the smallest posssible compass. The case has only been brought here for the sake of establishing *399 uniformity of practice, for there has been as great a contrariety of decision in the Supreme Court on the circuit, as there has been in the common pleas.
I suppose that the safest rule which can be established is to exclude such testimony. There are a few cases in which a party to •a suit is competent to testify. The question has sometimes been placed on the distinction whether the fact offered *to be [399 proved is a traversable one or not. If traversable, the party is not a competent witness, and if not traversable he is competent. But this rule would often operate unjustly; it would sometimes exclude the testimony when it ought to be admitted, and at other times it would admit it when it should be excluded. It is of great importance that, if possible, the testimony should be of a disinterested character, although it may conduce to prove only a preliminary fact, since a preliminary fact may lie at the foundation of the whole case. The general rule is, that the best possible testimony which the nature of the case admits of should be offered, and not merely the best possible which the circumstances created by the party have produced. Now, there can be no necessity for proof-of this kind-; on the contrary, it is an entire departure from the usual mode of proceeding, and that alone lays it under-the imputation of being suspicious and objectionable testimony. The proof of service of notice is a preliminary fact in truth, but on it depends the validity of the deposition, and on this again may hang the issue of the whole controversy between the parties. The establishment of the rule that a party is not competent to prove the service of notice can hardly be considered as a merely arbitrary one, since it proceeds upon an acknowledged principle that the testimony from the beginning to the end of a case should be of a disinterested character, every part of a case being equally to be guarded, if possible, against the invasion of prejudice or any other improper feeling.
Judgment reversed.